Dear Ms. Wesley,
We are in receipt of your request for our review of the proposed amendment to the charter of the Town of Jackson. The proposed amendment sets forth the following purpose:
 The Town of Jackson desires to amend its articles of incorporation to increase the maximum fine and period of imprisonment for violations of its laws and infractions of law within the Town of Jackson so that penalties for violations of ordinances and infractions of law shall not be inconsistent with the constitution and laws of the United States and of the State of Louisiana, pursuant to La. R.S. 33:1181, including the provisions of Part I of Chapter 2 of Title 33 of the Louisiana Revised Statutes, thereby allowing the Town of Jackson to provide penalties for violations of its ordinances by fine not to exceed $500 or imprisonment not exceeding 60 days, or both.
The Town of Jackson has presented the following documentation to your office for our review:
1. A copy of ordinance #246.
 2. An affidavit signed by the mayor of the Town of Jackson, affirming that there is no newspaper in the Town of Jackson; consequently, the Town of Jackson has placed certified copies of the described Ordinance Number 246 in three public places within the Town of Jackson, namely, (1) on the public bulletin board at the front door of the Jackson Town Hall, (2) on the public bulletin board of the United States Post Office in the Town of Jackson, and (3) and the front door of the Town of Jackson Police Department, for a period in excess of three weeks, beginning on May 9, 2006, and continuing through the date of this affidavit, June 13, 2006.
 R.S. 33:1181 provides in pertinent part: *Page 2 
 When a municipality existing prior to July 29, 1898, and having a population of two hundred thousand or less, which has not come under the provisions of Part I of Chapter 2 of this Title, desires to amend its charter, the same may be done in this way: The municipal governing body may prepare, in writing, the desired amendments, have the same published for three weeks in a newspaper published in the municipality, if there be one, and, if none, then by posting for said time in at least three public places therein; the proposed amendments shall then be submitted to the governor, who shall submit them to the Attorney General for his opinion. If the Attorney General is of the opinion that the proposed amendments are consistent with the constitution and laws of the United States and of this state, including Part I of Chapter 2 of this Title, the Governor shall approve the proposed amendments. If, within thirty days after publication, one-tenth of the electors of the municipality protest against any proposed amendment, the Governor shall not approve the amendment protested against until it is submitted to and ratified by a majority of the electors of the municipality at an election held within sixty days after the protest has been made.
 Amendments, when approved by the Governor, shall be recorded at the expense of the municipality, in the office of the Secretary of State and upon the records of the municipal governing body, and, when so recorded, shall have the force and effect of law.
A special charter may be amended pursuant to R.S. 33:1181 if the municipality existed prior to July 29, 2898 and the following requirements are met:
 1. the municipality has a population of two hundred thousand or less, and
 2. the governing body publishes the desired amendment for three weeks in the municipal newspaper or, if none, post the amendment for three weeks in three public places in the town, and
 3. the proposed amendment is submitted to the governor.
The Town of Jackson was incorporated by special legislative charter by Act 66 in 1832. Thus, the first requirement of R.S.33:1181 has been met. The affidavit of the mayor certifies that the resolution was published and was also posted for three weeks in public places within the town. Additionally, the population of Jackson is below two hundred thousand. The certificate of the mayor shows that no protests were received within thirty days after publication of the resolution.
Pursuant to R.S. 33:1181, we recommend that the Governor now approve the proposed amendment. Once approved by the Governor, the amendments must be recorded at the expense of the municipality in the office of the Secretary of State and upon the records of the municipal governing body. When so recorded, the amendment shall have the force and effect of law. *Page 3 
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: ____________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL